Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4667 | **DATE** | 12/17/2001 |
| **CASE TITLE** | Shoulders, et. al. vs. Michael Sheahan, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum and Opinion order, Defendant's Motion to Dismiss the Complaint [4-1] is GRANTED.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 19 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mds(lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SANDRA SHOULDERS, KENNETH )
SHOULDERS, EUGENE ENGLISH, and )
PAUL JAMES, )
                                                )    No. 01 C 4667
            **Plaintiffs,**     )
                                                )    HONORABLE DAVID H. COAR
             v.                    )

MICHAEL SHEAHAN in his capacity as )
Sheriff of Cook County, Ill., UNKNOWN )
JOHN DOES, DSSA MANAGEMENT CO., )
INC., )
                                                )
            **Defendants.**     )

## MEMORANDUM OPINION AND ORDER

Sandra Shoulders, Kenneth Shoulders, Eugene English, and Paul James ("Plaintiffs") bring this six-count action against Michael Sheahan ("Sheahan") in his official capacity and unknown John Doe defendants who were employed by Sheahan as deputies or other employees to enforce eviction orders, and against DSSA Management Co. Plaintiffs bring this action pursuant to 28 U.S.C. §1331, alleging that civil matters presented arise under the Constitution, laws, or treaties of the United States. Defendant Sheahan has filed a motion to dismiss Counts I, II, IV, V, and VI for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). For the reasons discussed below, Sheahan's motion to dismiss is GRANTED.


## I. Standards of Review

Federal Rule of Civil Procedure ("Rule") 12(b)(1) provides for dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. In re Chicago, Rock Island & Pacific R.R. Co., 794 F.2d 1182, 1188 (7th Cir.1986). The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends upon the purpose of the motion. Freiburger v. Emery Air Charter, Inc., 795 F. Supp. 253, 256 (N.D. Ill.1992); 5A Wright & Miller, Federal Practice & Procedure: Civil.2d § 1363 at 456 (2d ed.1990). If the motion challenges the sufficiency of the subject-matter-jurisdiction allegations, as is the case here, the Court accepts as true all well-plead factual allegations and draws all reasonable inferences in the plaintiff's favor. United Transp. Union v. Gateway W. Ry. Co., 78 F.3d 1208 (7th Cir.1996) (citing Rueth v. EPA, 13 F.3d 227, 229 (7th Cir.1993)).

A motion to dismiss pursuant to Rule 12(b)(6) does not test whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim for which relief may be granted, and the court likewise accepts as true all of plaintiff's well-pleaded factual allegations, and draws all reasonable inferences in the plaintiff's favor. Pickrel v. City of Springfield, 45 F.3d 1115 (7th Cir. 1995). Even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, however, a complaint must include either direct or inferential allegations respecting all material elements of the claims asserted. Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991). Bare legal conclusions attached to narrated facts will not suffice. Strauss v. City of Chicago, 760 F.2d 765, 768 (7th Cir. 1985). Further, the court need not ignore facts set forth in the complaint that undermine plaintiffs' claim, nor is the court required to accept

the plaintiffs' legal conclusion. Am. Nurses' Ass'n v. Illinois, 783 F.2d 716, 724 (7th Cir. 1986). Thus, this Court will dismiss this complaint under Rule 12(b)(1) or Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Ledford v. Sullivan, 105 F.3d 354, 357 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). With these principles in mind, the court evaluates Sheahan's motion to dismiss.

## II. Background

The allegations in the Plaintiffs' complaint, which the court takes as true for purpose of this motion to dismiss, state the following. Plaintiffs, residents of Chicago, were residing at 4929 W. Adams, Apt. 1A (the "Property"), which was managed at all relevant times by DSSA Management Co. ("DSSA"). On or about January 8, 2001, Plaintiffs were evicted from the Property. The DSSA had a judgment for possession against another occupant at the same building (Apt. 1B), and DSSA allowed Sheahan's agents into Plaintiffs' apartment by mistake. The "Eviction Department Daily Worksheet," signed by Property Manager, Felicia Wilson, shows that she directed Sheahan's deputies to the apartment entered and certified that the apartment entered was the correct home named in the Order of Possession. Thus, through his agents, Sheahan enforced the judgment against the Property, and all those occupying it at the time, by mistake.

As a result of this eviction, Plaintiffs have filed a six-count complaint, in which Counts I, II, IV, V, and VI are against Sheahan in his official capacity as Sheriff of Cook County. Count I alleges that the entry by Sheahan and his agents into the Property was an unreasonable search and seizure in violation of the Fourth Amendment. Count II alleges that the entry by Sheahan and his

agents resulted in an unlawful taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment. Count IV alleges that Sheahan and DSSA were negligent in failing to evict the proper party, Count V alleges wrongful eviction, and Count VI alleges lockout.

Sheahan has moved to dismiss Plaintiff's complaint contending that (1) claims against Sheahan in his official capacity are barred by the Eleventh Amendment and that the Court of Claims has exclusive jurisdiction over claims against the Sheriff; (2) Plaintiffs have failed to state a claim upon which relief can be granted; and (3) the Tort Immunity Act immunized the Sheriff from liability for any alleged negligence during the execution and enforcement of the Order for Possession.

### III. Discussion

*A. Eleventh Amendment*

Sheahan contends that any claims brought against him in his official capacity as the Sheriff of Cook County are barred under the Eleventh Amendment. Specifically, Sheahan claims that, in executing a state order for forcible entry, he was acting as an arm of the Illinois state judicial system. Plaintiffs, on the other hand, contend that, in evicting the wrong parties, Sheahan's deputies acted outside their authority and they therefore were not state actors, but rather just county employees who are not barred from suit.

The Eleventh Amendment bars federal courts from exercising jurisdiction over actions brought by a citizen against a state, state agency, or state official. Scott v. O'Grady, 975 F.2d 366, 369 (7th Cir.1992) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986)). All suits brought against a state or its officials are barred by the Eleventh Amendment unless the state consents to

suit in federal court or Congress abrogates the state's immunity. Id. (citing Kentucky v. Graham, 473 U.S. 159, 165-67 (1985)). When an action is brought against a state official in his or her official capacity, such suits are deemed to be "against the entity of which an officer is an agent." Kroll v. Bd. of Trustees of the Univ. of Ill., 934 F.2d 904, 907 (7th Cir. 1991) (internal quotations omitted). Official-capacity suits that seek damages or retroactive relief generally are barred by the Eleventh Amendment. Id. Further, the eleventh amendment bar extends both to federal claims and pendent state claims. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 120 (1984).

In this case, Plaintiffs have sued Sheahan in his official capacity, which is actually an action against the entity. Id. Generally, in Illinois the Sheriff is considered a county, not a state, official and he would not be immune under the Eleventh Amendment. The Seventh Circuit, however, has held that where a county officer is acting as an agent of the state, Eleventh Amendment immunity extends to those officers. Scott, 975 F.2d at 370-71. Specifically, the Seventh Circuit held that "[t]he county sheriff acts as an arm of the Illinois state judicial system in executing Writs of Assistance and other state court orders. When fulfilling this statutory duty, the sheriff and his deputies must be deemed state officials for the purposes of Eleventh Amendment immunity." Id. at 371. Thus, when a sheriff or his deputies are executing a state judicial order for forcible entry, such actions render them state agents for the limited purpose of that action. Id. Moreover, Illinois courts have held that "the sheriff acts as an arm of the State of Illinois when executing court orders for possession." Alencastro v. Sheahan, 698 N.E.2d 1095, 1099 (Ill. App. 1998) (rejecting plaintiff's limitation argument and finding that the Sheriff had no final policymaking authority over the eviction process).

This Court, therefore, finds that the Sheriff acts as an arm of the state judiciary in executing state court orders for possession. Accordingly, Eleventh Amendment immunity extends to Sheahan – in his official capacity – when he executes such state court orders. This Court's inquiry, however, does not end here.

Plaintiffs allege that Sheahan and his deputies acted outside the scope of their authority by failing to identify the correct persons for eviction and evicting Plaintiffs instead from the Property. When state employees act outside the scope of their authority, the immunity provided to the state and its officials by the Eleventh Amendment is lifted. Fox v. James B. Beam Distilling Co., No. IP 73-C-79, 1974 WL 955, at *3 (S.D. Ind. Sept.25, 1974) (holding that officers acting contrary to rules or statutes can no longer be acting for the state). To bring an action against a state or its officials, however, a plaintiff must allege that such officials acted outside the scope of authority or contrary to the law; allegations of negligence in performance of duties do not lift Eleventh Amendment immunity. Centagon, Inc. v. Sheahan, 142 F. Supp. 2d 1077, 1082 (N.D. Ill. 2001); see also Ruehman v. Sheahan, 34 F.3d 525, 528 (7th Cir. 1994) ("[a]nd negligence, if that is what the sheriffs' decisions come to, does not violate the due process clause").

Here, negligence is precisely what Plaintiffs allege for Plaintiffs do not contend that Sheahan or his deputies deliberately entered Apt. 1A when they knew that the order was for Apt. 1B. Plaintiffs concede that Sheahan had a valid judgment for eviction. They argue, however, that in entering Plaintiffs apartment by mistake, the sheriffs were not state actors who were "enforcing the judgment," but rather, they were merely county officials who are not entitled to Eleventh Amendment immunity. The question in this case therefore is whether Sheahan's and

his deputies' mistake transformed them into county officials amenable to suit. This Court finds that it did not.

At the outset, this Court notes that even after reading the complaint in a light most favorable for Plaintiffs, it does not allege anything more than mere negligence on the part of the sheriffs. Their contention that Sheahan and his deputies were not enforcing any court order at the time they displaced the plaintiffs and that they were not state actors but county employees is nothing more than a legal conclusion which the court is not obligated to accept. See Am. Nurses' Ass'n v. Illinois, 783 F.2d 716, 724 (7th Cir. 1986). For support, Plaintiffs cite the following dictum from a 1993 case in this district:

> Therefore, as long as the eviction was carried out lawfully, the deputy sheriff would qualify as an arm of the State of Illinois when he executed the court order to evict Mr. Whitney. Accordingly, the Eleventh Amendment of the United States Constitution would bar the Court from exercising jurisdiction over Mr. Whiney's cause of action. *However, if the deputy executed the eviction in an unlawful manner, Mr. Whitney may have a valid action against him in an individual capacity, in which case the 11th Amendment bar would not apply.*

Whitney v. Cook County Sheriff's Dept., No. 92 C 1176, 1993 U.S. Dist. LEXIS 13770, at *7-8 (N.D. Ill. Sept. 30, 1993) (emphasis added). Contrary to Plaintiffs' belief, however, this case does not support their proposition. This passage does not establish that negligence *per se* equals an unlawful eviction, nor does it state that an official capacity claim would exist.

In Rucinski v. U.S., No. 94 C 6619, 1995 WL 103744, at *1 (N.D. Ill. Mar. 6, 1995), a case whose facts this Court believes are most analogous to the current facts, the sheriffs similarly were directed to the wrong apartment for an eviction. In Rucinski, the order for possession and eviction papers contained typographical errors that listed apartment 203 for eviction rather than apartment 103. Id. When the sheriffs entered apartment 203 to evict the occupants and their possessions, the tenants were not home so the deputies began removing the possessions from the

apartment. Id. The deputies soon realized the error in the eviction papers, so they reentered apartment 203 to return the plaintiffs' property. Id. The Rucinski plaintiffs sued the sheriffs arguing that the sheriffs became county officials when they reentered the plaintiffs' apartment to return the property after discovering the mistake because the court order did not give them authority to do so. Id. The court rejected plaintiffs' argument, stating:

> The issue is whether the sheriffs were acting as state agents. The sheriffs acted as state agents when they entered the premises and removed the property. The sheriffs similarly acted as state agents when they attempted to rectify their state-agent mistake by returning the property. The sheriffs were not transformed into county officials by returning property they had seized and held as state officials. Moreover, the fact that reentry was not specifically authorized by the court order is irrelevant in determining whether the sheriffs were acting as state agents in returning the property. Whether or not their decision was correct, the sheriffs continued to act as state agents because the reentry was an attempt to execute the state court order as it had been intended.

Id. at *7.

Like the sheriffs in Rucinski, the sheriffs in this case were state actors acting pursuant to a valid court order when they were erroneously directed to evict the wrong apartment. While it was the property manager who made the mistake in certifying and leading the sheriffs to the wrong apartment for eviction and not the court, the essence of the Rucinski holding is that when sheriffs make a mistake as state actors, they are not magically transformed into county officials.

This Court acknowledges that the sheriff's immunity when carrying out state orders as established in Scott has been construed narrowly. See Hernandez v. City of Chicago, No. 99 C 6441, 2001 WL 128246, at *8 (N.D. Ill. Feb. 9, 2001). There are cases in this jurisdiction where courts have held that the sheriff was not entitled to eleventh amendment immunity. These cases, however, were cases in which the sheriff had implemented a system or procedure that resulted in numerous mistakes and the courts held that by doing so, he was not performing "mere ministerial acts." See e.g., Ruehman v. Sheahan, 34 F.3d 525 (7th Cir. 1994) (holding that in designing and implementing computer system for tracking active arrest warrants, sheriff was not acting as arm of the state where sheriff failed to purge quashed and recalled warrants, causing plaintiffs to be

improperly arrested); Jackson v. Doria, 851 F. Supp. 288 (N.D. Ill. 1994) (holding sovereign immunity unavailable to sheriff for failing to institute procedure that would have prevented plaintiff from being repeatedly arrested pursuant to a warrant issued against another person); Hvorcik v. Sheahan, 847 F. Supp. 1414 (N.D. Ill. 1994) (holding that sheriff's failure to maintain accurate records of traffic warrants, resulting in unlawful arrests and detention of plaintiffs on recalled warrants, rendered his absolute immunity inoperative); Reuhman v. Village of Palos Park, 842 F. Supp. 1043, 1049 (N.D. Ill. 1993) (holding that the sheriff's failure to track properly which warrants are still pending and which warrants have been recalled was not the mere enforcement of a state court warrant of arrest).

Unlike the facts in those cases, the deputies here made an isolated mistake that was not the result of a system they knew to be inaccurate. The sheriffs attempted to complete their ministerial act of enforcing the court order and they exercised minimal discretion. Asking the property manager of the company who obtained the order for possession to direct them to the correct apartment was not the kind of discretion that existed in the cases above that would render the deputies' absolute immunity inoperative. Because this Court finds that Sheahan and his deputies were an arm of the state court in executing the order, the present case seeks to bring a claim against the State of Illinois. Since such claims are barred by the Eleventh Amendment, this Court lacks original subject matter jurisdiction over plaintiffs' claims against Sheahan. Accordingly, this Court grants Sheahan's motion to dismiss.[1]

---

[1] In their brief, Plaintiffs suggest that they should replead their complaint and sue Sheahan in his individual capacity. As a rule, however, an individual cannot be held liable in a section 1983 action absent a finding that he or she caused or participated in the alleged constitutional violation. Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7rth Cir. 1983); see also Alencastro, 698 N.E.2d at 1100-01 (same). Additionally, liability cannot be imposed upon a supervisory official without establishing that the official was directly responsible for the improper activity. Rizzo v. Goode, 423 U.S. 362, 373-77 (1976). Based upon the foregoing and the fact that Plaintiffs have not pleaded that Sheahan was in any way directly involved in the instant eviction incident, this Court believes that Plaintiffs will be unable to state an "individual capacity" section 1983 claim with their facts.

*B. Court of Claims*

Even if this Court did not find that it lacked original subject matter jurisdiction because of the Eleventh Amendment, the present state law claims still must be brought in the state court. The Illinois legislature enacted the Illinois Court of Claims Act, 705 Ill. Comp. Stat. 505/8 *et seq.*, which provides for sovereign immunity for the actions brought against the state or its officials unless such a suit is filed in the Illinois Court of Claims. Wells v. Vincennes Univ., 982 F.2d 1147, 1151 (7th Cir.1992); Centagaon, Inc., 142 F. Supp. 2d at 1083-84. Any state law remedy which may be available to plaintiffs must come in a state court action. Feldman v. Ho, 171 F.3d 494, 498 (7th Cir. 1999) (holding that, because of the Eleventh Amendment, the plaintiff's claims against the state could not be brought in federal court, and entering judgment against plaintiff without prejudice so that he might file suit in Illinois Court of Claims); see also Magdziak v. Byrd, 96 F.3d 1045, 1048-49 (7rth Cir. 1996) (holding that tort actions brought against a state actor must be brought in the Illinois Court of Claims, and the district court's dismissal of such claims was proper).

In the present case, Plaintiffs argue that this action is not brought against a state official because the deputies acted outside the scope of their authority when they failed to identify the correct apartment for eviction. They argue, therefore, that it is not a claim against the state and it does not belong in the Court of Claims. This Court disagrees. As stated above, this Court finds that the deputies were executing an order of possession and, accordingly, were functioning as an arm of the state courts. See supra II.A. Thus, the present case is an action brought against the state, and any remedy the plaintiffs seek must be brought in the state courts. Accordingly, the Court grants Sheahan's motion to dismiss.

This Court's determination that Sheahan is not subject to suit in federal court renders consideration of his additional reasons for dismissal unnecessary.

## IV. Conclusion

For the foregoing reasons, Sheahan's motion to dismiss is GRANTED.

Enter:

_____

David H. Coar

**United States District Judge**

Dated: December 17, 2001